UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALETHIA MAY COX,                                            Case No. 12-cv-0067
                                                                           (ADS)(ARL)
                          Plaintiff,

   -against-                                                **AMENDED ANSWER TO FIRST
                                                            AMENDED COMPLAINT**

MAXI-AIDS, INC. and ELLIOT ZARETSKY,
in his official and individual capacities,

                          Defendants.
------------------------------------------------------------------x

Defendants, MAXI-AIDS, INC. and ELLIOT ZARETSKY in his official and individual capacities, by their attorneys, MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS LLP, hereby answer the plaintiff's Complaint (hereinafter referred to as "complaint") as follows:

1. Deny the allegations contained in paragraph "1" of the complaint except admit Ms. Cox was a former employee of Maxi-Aids.

2. Deny the allegations contained in paragraph "2" of the complaint.

3. Denies the allegations contained in paragraph "3" of the complaint and respectfully refers all questions of law to the Court.

4. Deny the allegations contained in paragraph "4" of the complaint except admit that the Court has subject matter jurisdiction over this action.

5. Admit the allegations contained in paragraph "5" of the complaint.

6. Admit the allegations contained in paragraph "6" of the complaint.

7. Admit the allegations contained in paragraph "7" of the complaint.

8. Admit the allegations contained in paragraph "8" of the complaint.

9. Admit the allegations contained in paragraph "9" of the complaint.

10. Deny the allegations contained in paragraph "10" of the complaint except admit Plaintiff Alethia May Cox, an African-American female resident of Elmont, New York, worked

for Maxi-Aids in Farmingdale, New York.

11. Deny the allegations contained in paragraph "11" of the complaint except admit Defendant Maxi-Aids, Inc. specializes in selling products to enhance the lives of individuals with physical and mental disabilities and maintains its principal office at 42 Executive Boulevard, Farmingdale, NY 11735.

12. Deny the allegations contained in paragraph "12" of the complaint except admit Defendant Elliot Zaretsky is the President and founder of Maxi-Aids and resides in Queens County, New York.

13. Admit the allegations contained in paragraph "13" of the complaint.

14. Deny the allegations contained in paragraph "14" of the complaint.

15. Deny the allegations contained in paragraph "15" of the complaint.

16. Deny the allegations contained in paragraph "16" of the complaint.

17. Deny the allegations contained in paragraph "17" of the complaint.

18. Deny the allegations contained in paragraph "18" of the complaint.

19. Deny the allegations contained in paragraph "19" of the complaint.

20. Deny the allegations contained in paragraph "20" of the complaint.

21. Deny the allegations contained in paragraph "21" of the complaint.

22. Deny the allegations contained in paragraph "22" of the complaint.

23. Deny the allegations contained in paragraph "23" of the complaint.

24. Deny the allegations contained in paragraph "24" of the complaint.

25. Deny the allegations contained in paragraph "25" of the complaint.

26. Deny the allegations contained in paragraph "26" of the complaint.

27. Deny the allegations contained in paragraph "27" of the complaint except admit that Ms. Cox took disability leave.

28. Deny the allegations contained in paragraph "28" of the complaint.

29. Deny the allegations contained in paragraph "29" of the complaint.

30. Deny the allegations contained in paragraph "30" of the complaint.

31. Deny the allegations contained in paragraph "31" of the complaint.

32. Deny the allegations contained in paragraph "32" of the complaint.

33. Deny having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the complaint.

34. Deny having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the complaint.

35. Deny the allegations contained in paragraph "35" of the complaint and begs leave to refer to the alleged note at the time of trial.

36. Deny the allegations contained in paragraph "36" of the complaint.

37. Deny the allegations contained in paragraph "37" of the complaint.

38. Deny the allegations contained in paragraph "38" of the complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

39. As and for a response to paragraph "39" of the complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "38" of this Answer with the same force and effect as if fully set forth at length herein.

40. Deny the allegations contained in paragraph "40" of the complaint.

41. Deny the allegations contained in paragraph "41" of the complaint.

42. Deny the allegations contained in paragraph "42" of the complaint.

43. Deny the allegations contained in paragraph "43" of the complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

44. As and for a response to paragraph "44" of the complaint, defendants repeat and

reallege each and every allegation contained in paragraphs "1" through "43" of this Answer with the same force and effect as if fully set forth at length herein.

    45.    Deny the allegations contained in paragraph "45" of the complaint.

    46.    Deny the allegations contained in paragraph "46" of the complaint.

    47.    Deny the allegations contained in paragraph "47" of the complaint.

    48.    Deny the allegations contained in paragraph "48" of the complaint.

    49.    Deny the allegations contained in paragraph "49" of the complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

    50.    As and for a response to paragraph "50" of the complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "49" of this Answer with the same force and effect as if fully set forth at length herein.

    51.    Deny the allegations contained in paragraph "51" of the complaint.

    52.    Deny the allegations contained in paragraph "52" of the complaint.

    53.    Deny the allegations contained in paragraph "53" of the complaint.

    54.    Deny the allegations contained in paragraph "54" of the complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

    55.    As and for a response to paragraph "55" of the complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "54" of this Answer with the same force and effect as if fully set forth at length herein.

    56.    Deny the allegations contained in paragraph "56" of the complaint.

    57.    Deny the allegations contained in paragraph "57" of the complaint.

    58.    Deny the allegations contained in paragraph "58" of the complaint.

    59.    Deny the allegations contained in paragraph "59" of the complaint.

    60.    Deny the allegations contained in paragraph "60" of the complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

61. As and for a response to paragraph "61" of the complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "60" of this Answer with the same force and effect as if fully set forth at length herein.

62. Deny the allegations contained in paragraph "62" of the complaint.

63. Deny the allegations contained in paragraph "63" of the complaint.

64. Deny the allegations contained in paragraph "64" of the complaint.

## ANSWERING THE SIXTH CAUSE OF ACTION

65. As and for a response to paragraph "65" of the complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "64" of this Answer with the same force and effect as if fully set forth at length herein.

66. Deny the allegations contained in paragraph "66" of the complaint.

67. Deny the allegations contained in paragraph "67" of the complaint.

68. Deny the allegations contained in paragraph "68" of the complaint.

69. Deny the allegations contained in paragraph "69" of the complaint.

## ANSWERING THE SEVENTH CAUSE OF ACTION

70. As and for a response to paragraph "70" of the complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "69" of this Answer with the same force and effect as if fully set forth at length herein.

71. Deny the allegations contained in paragraph "71" of the complaint.

72. Deny the allegations contained in paragraph "72" of the complaint.

73. Deny the allegations contained in paragraph "73" of the complaint.

74. Deny the allegations contained in paragraph "74" of the complaint.

## ANSWERING THE EIGHTH CAUSE OF ACTION

75. As and for a response to paragraph "75" of the complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "74" of this Answer with the same force and effect as if fully set forth at length herein.

76. Deny the allegations contained in paragraph "76" of the complaint.

77. Deny the allegations contained in paragraph "77" of the complaint.

78. Deny the allegations contained in paragraph "78" of the complaint.

79. Deny the allegations contained in paragraph "79" of the complaint.

## ANSWERING THE NINTH CAUSE OF ACTION

80. As and for a response to paragraph "80" of the complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "79" of this Answer with the same force and effect as if fully set forth at length herein.

81. Deny the allegations contained in paragraph "81" of the complaint.

82. Deny the allegations contained in paragraph "82" of the complaint.

## ANSWERING THE TENTH CAUSE OF ACTION

83. As and for a response to paragraph "83" of the complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "82" of this Answer with the same force and effect as if fully set forth at length herein.

84. Deny the allegations contained in paragraph "84" of the complaint.

85. Deny the allegations contained in paragraph "85" of the complaint.

86. Deny the allegations contained in paragraph "86" of the complaint.

## ANSWERING THE ELEVENTH CAUSE OF ACTION

87. As and for a response to paragraph "87" of the complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "86" of this Answer with

the same force and effect as if fully set forth at length herein.

88. Deny the allegations contained in paragraph "88" of the complaint.

89. Deny the allegations contained in paragraph "89" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

90. Plaintiff's claims are barred because she failed to take advantage of complaint mechanisms within the company relative to her instant claims.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

91. Some or all of plaintiff's claims are barred by the applicable Statute of Limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

92. At all times pertinent hereto, Defendants acted in conformity with all applicable federal, state and local laws and never denied plaintiff's requests or time off.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

93. Plaintiff's claims are barred because she is not "disabled" within the meaning of any federal or state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

94. Plaintiff's claims are barred because she did not request a reasonable accommodation.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

95. Plaintiff's claims are barred because, independent of whether Plaintiff was actually disabled, Defendants were not aware of the existence of such disability at any time prior to the subject termination, and/or did not perceive her to be disabled.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

96.     Plaintiff's claims are barred to the extent that defendants took reasonable care to prevent and promptly correct any discriminatory or harassing behavior and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided or to avoid harm otherwise.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

97.     All actions taken by Defendants with respect to Plaintiff were taken for legitimate, non-discriminatory reasons.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

98.     At all times pertinent hereto, Defendants acted in conformity with their established policies and procedures, which are not in conflict with any applicable federal, state or local law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

99.     Plaintiff's claims for damages are barred, in whole or in part, because all damages allegedly suffered were the result of Plaintiff's own culpable conduct or the conduct of third parties and not attributable to Defendants.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

100.    Plaintiff's claims for damages are barred, in whole or in part, due to her failure to mitigate damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

101.    Plaintiff's claim for damages must be reduced by any compensation Plaintiff has received through unemployment insurance benefits from the time of her discharge through present.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

102. If plaintiff is entitled to compensatory damages, which defendants deny, any such award of compensatory damages is limited by the applicable statutory cap.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

103. There is no basis for individual liability as against Defendant Zaretsky.

## AS AND FOR A FIRST COUNTERCLAIM

104. Defendants incorporate by reference each and every allegation, defense and counterclaim contained in each of the above paragraphs of this Amended Answer as if fully set forth herein.

105. This Court has supplemental jurisdiction over any state law claims asserted in the counterclaims pursuant to 28 U.S.C. § 1367.

106. Plaintiff has engaged in a pattern of conduct aimed at defaming Defendant Elliot Zaretsky, individually, and Maxi-Aids, Inc., by publishing false and defamatory statements to third parties.

107. On or about March 11th, 2012, after the Complaint was already filed, plaintiff began sending numerous electronic mail ("""e-mail") messages to defendants' employees, competitors, customers and potential customers containing false and libelous statements.

108. Specifically, on or about March 11th, 2012, plaintiff sent an email to the Defendants' sales department, which included a copy of the plaintiff's January 5th, 2012 Complaint in the instant action. This email containing the plaintiff's complaint was widely distributed throughout the Defendants' business headquarters and discussed among the Defendants' employees.

109. Plaintiff's Complaint is unfounded, and was filed specifically for the purpose of publicly disseminating libelous statements about the Defendants. As such, this and other false

and defamatory emails were published without the benefit of any privilege.

110. Thereafter, on or about March 30, 2012, plaintiff sent an email to one of Defendants' competitors, Independent Living Aids, LLC, with a copy of the plaintiff's Complaint.

111. Plaintiff's emails and the Complaint therein contained false, disparaging and defamatory statements about Defendants, statements which were understood by the recipients to accuse Defendants of sexual harassment, discrimination and other unethical business practices. Based on these emails, upon information and belief, the recipients believed Defendants engaged in sexual harassment, discrimination and other unethical business practices.

112. Upon information and believe, plaintiff published other defamatory emails to Defendants employees, competitors, customers and potential customers containing false and libelous statements, including, but not limited to, emails sent to Defendants headquarters on March 18, 2012, and others.

113. At the time these false statements were published, plaintiff was motivated by actual malice and knew that the statements were false and untrue, or that such statements were made with reckless and wanton disregard for their truth or falsity.

114. Nevertheless, plaintiff sent them after being warned by her own counsel to desist from doing so.

115. As these defamatory statements concern Defendants' business practices, they constitute libel per se, for which damages to Defendants' respected reputation in its industry are presumed.

116. These emails were printed, published and circulated by plaintiff with such reckless disregard and carelessness as to their truth or falsity as to indicate an utter disregard of the rights of defendants; and the consequences of plaintiff's actions maliciously, negligently and

inexcusably exposed Defendants to public hatred, contempt and ridicule, and impeached Defendants' honesty, integrity, virtue, and reputation in both a personal and professional manner.

117. As a direct and proximate result of the libel per se by plaintiff, Defendants' reputation has been injured and Defendants have suffered special damages. Defendants have suffered damages in an amount to be determined in accordance with proof at trial, including but not limited to lost business opportunities, lost goodwill with its customers, lost future income through the loss of potential customers, lost corporate reputation, employee attrition, increased training expenses and expenses in correcting plaintiff's defamatory statements.

## AS AND FOR A SECOND COUNTERCLAIM

118. Defendants incorporate by reference each and every allegation, defense and counterclaim contained in each of the above paragraphs of this Amended Answer as if fully set forth herein.

119. By virtue of its reputation, Defendants have developed valuable business relationships with their clients. A business relationship exists between Defendants and their clients, and prospective clients.

120. Plaintiff is and was aware of the business relationships that exist between Defendants and their clients, and between Defendants and their potential clients.

121. Despite knowledge of the foregoing, plaintiff has interfered, and continues to tortuously interfere with Defendants' business relationships with their clients and potential clients by sending the above referenced libelous and untrue statements to actual and prospective customers of Defendants.

122. The acts of plaintiff were intentional, reckless and calculated, and carried out for the purpose of disrupting Defendants' advantageous business relationships with their clients and/or potential clients.

123. As a direct and proximate result of plaintiff's conduct, Defendants have suffered irreparable harm and will continue to suffer irreparable harm, unless plaintiff is enjoined from engaging in any further tortious interference with Defendants' prospective advantageous business relationships.

124. As a direct and proximate result of plaintiff's conduct, Defendants have suffered damages, including the loss of customers and/or potential customers, the loss of goodwill and business reputation, and other economic loss.

125. Plaintiff's tortious conduct was and is willful and malicious.

126. Accordingly, Defendants are entitled to recover punitive damages against plaintiff in an amount to be determined in accordance with proof at trial.

**WHEREFORE,** Defendants request:

1. Judgment dismissing the plaintiff's complaint and denying all relief requested therein;

2. That plaintiff be preliminarily and permanently enjoined from publishing any further defamatory statements about Defendants;

3. That plaintiff be ordered to pay Defendants such monetary damages and punitive damages as may be determined at trial for the defamatory statements already published;

4. That plaintiff be preliminarily and permanently enjoined from interfering with Defendants' prospective advantageous business relationships;

5. That plaintiff be ordered to pay Defendants such monetary damages and punitive damages as may be determined at trial for the intentional interference with advantageous business relationships that already occurred;

6. Such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
April 5, 2012

              MIRANDA SAMBURSKY SLONE
              SKLARIN VERVENIOTIS LLP
              Attorneys for Defendants

              s/Michael A. Miranda

              _____
              Michael A. Miranda (MAM-6413)
              Brian S. Condon (BC-2461)
              The Esposito Building
              240 Mineola Boulevard
              Mineola, New York 11501
              (516) 741-7676

TO:

Douglas H. Wigdor, Esq.
THOMPSON WIGDOR LLP
Attorneys for Plaintiff
85 Fifth Avenue
New York, NY 10118
(212) 257-6800